**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: March 1, 2016
Date Decided: March 1, 2016

Mary Rinnier
301 Feryn Farms Drive
New Castle, DE 19720

Somers S. Price, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19899

Suzanne I. Seubert, Esquire
Suzanne I. Seubert, P.A.
1328 King Street
Wilmington, DE 19801

Re: *Mary L. Rinnier, Administratrix v.*
*Gracelawn Memorial Park Inc., et al.*
Civil Action No. 6473-ML

Dear Ms. Rinnier and Counsel:

I have the exception and the briefing thereon concerning Master Legrow's Final Report of January 28, 2016. The issue involves payment for the service of Suzanne Seubert, Esq. as attorney *ad litem* for the minor daughter of the Respondent, Mr. Bowdoin. The Master found that Ms. Seubert must be reimbursed for her time and expenses incurred in this Court-ordered representation, in accordance with the understanding of the Court at the time of appointment and of the parties, and that Mr. Bowdoin must bear this expense. Mr. Bowdoin has taken exception to this

finding. I review the Final Report here, *de novo*.[1]

First, a few observations. This litigation arose from the tragic death of a young mother. While I am sure that the parties all suffered from this loss, I strongly suspect it was felt most keenly by the minor here. She has lost the most precious and irreplaceable commodity that a human can possess. In other words, this tragic loss falls most heavily on Ms. Seubert's client. Her interests were not necessarily aligned with any other party. It was imperative that she be represented in this action.

Next, I note that this litigation was brought in good faith. Ms. Rinnier expended her own funds for counsel early in this matter and then struggled onward *pro se* once those funds were exhausted. Remarkably, she was able to obtain an expert witness who testified *pro bono*. Although the litigation, from her point of view, was unsuccessful, I have no doubt that it was both sincerely brought and litigated well within the bounds of good faith. I also note that the financial beneficiary of this tragic death was Mr. Bowdoin. Let me be clear: I mean to imply neither that he is implicated in his wife's death nor that he suffered less than the keenest sorrow at its occurrence. Nonetheless, he has received both insurance proceeds and the contents of his wife's 401(k) as a result of her passing.

Therefore, upon a *de novo* review of this matter, I make the following

---

[1] *DiGiacobbe v. Sestak*, 743 A.2d 180, 183–84 (Del. 1999) ("[T]he standard of review for a master's findings—both factual and legal—is *de novo*.").

findings. The Master was correct in determining that an attorney appointed by the Court *ad litem*, with the understanding that she will be reimbursed for her time and expenses, must be so reimbursed, both as a matter of equity and as an incentive to ensure that attorneys will be available to do such necessary representation at the Court's request in the future. Neither of the principal parties litigated in bad faith, and equity cannot apportion this burden between them on that basis. I repeat that the burden of this tragic loss fell most heavily on the minor, and that the representation by Ms. Seubert was both appropriate and necessary for the minor's benefit.

The Master found that Ms. Rinnier is unlikely to be able to pay Ms. Seubert's fee in a timely manner, a finding supported by the record but not the basis of my decision here. More pertinently, I note that that financial benefits of the Decedent's death—inadequate as they are, I am sure, to overcome his emotional loss—flow to Mr. Bowdoin. Those benefits far outstrip the fee awarded to Ms. Seubert. As the Master pointed out, the Bowdoin's were divorcing at the time of her death; without meaning to be unkind, I note, as did the Master, that these funds are a windfall to Mr. Bowdoin.

Mr. and Mrs. Bowdoin stood in a fiduciary relationship to their minor daughter and I presume it would be natural that Mrs. Bowdoin would want revenue that flowed as a result of her death to be used for her daughter's benefit, as

appropriate. I note that Mr. Bowdoin has the prime responsibility for his daughter's support and well-being. In light of all these factors, it is appropriate that Ms. Seubert's fees and expenses as they existed at the time of the Final Order be paid in full by Mr. Bowdoin.

I affirm the Final Report of Master Legrow[2] of January 28, 2016. I have not considered any request by Ms. Seubert to supplement her petition for fees and costs beyond those considered in that Report. I understand Master Legrow's determination to be that the sum that she ordered paid to Ms. Seubert was the final amount due Ms. Seubert for her work in this matter *ad litem*. I do not have the authority on exceptions to alter that determination; neither do I find that equity requires the amount of compensation to be revisited or increased.

Mr. Bowdoin shall pay Ms. Seubert's fees and costs in the amount of $20,516.40. Counsel for Mr. Bowdoin shall confer with Ms. Seubert and stipulate to a payment schedule and appropriate form of order. I retain jurisdiction to implement that order. To the extent that the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[2] Now Judge Legrow of the Delaware Superior Court.